[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 16, 2008
THOMAS K. KAHN
CLERK

No. 08-13302
Non-Argument Calendar
_____

BIA No. A95-710-152

LAN JIN ZHOU,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

**(December 16, 2008)**

Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Lan Jin Zhou, a native and citizen of China, petitions this court for review of

the Board of Immigration Appeals's (BIA) dismissal of her appeal of the Immigration Judge's (IJ) denial of the motion to reopen proceedings and rescind the in absentia removal order.

Zhou entered the U.S. in 2005 and applied for asylum in 2006. The Department of Homeland Security issued a notice to appear, charging her with removability, and instructed her to appear at a removal hearing on February 14, 2007. Zhou was warned that the failure to do so could result in the issuance of a removal order. When Zhou and her attorney failed to appear at the hearing, the IJ entered a removal order in absentia and denied all claims for relief from removal. Zhou timely moved to reopen the removal proceedings, alleging that her lack of photo identification left her unable to board a flight to attend the hearing and that this situation constituted extraordinary circumstances justifying her motion to reopen.[1] The IJ rejected this argument and denied the motion. The BIA affirmed, stating that Zhou "should have been aware of the photo documentation required to travel by plane in the United States." This petition for review followed.

We review the BIA's decision, except to the extent that it expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). We

---

[1] After presenting her immigration paperwork and notice to appear to airline authorities, Zhou was allowed to board a later flight, which did not arrive in time for the hearing due to weather delays. The IJ found that inclement weather was not an exceptional circumstance to justify reopening the removal proceedings.

review the denial of a motion to reopen for abuse of discretion. Scheerer v. U.S. Attorney Gen., 513 F.3d 1244, 1252 (11th Cir.), cert. denied, 129 S.Ct. 146 (2008). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Mickeviciute v. INS, 327 F.3d 1159, 1162 (10th Cir. 2003) (citations and internal quotation marks omitted).

Motions to reopen are disfavored, especially in removal proceedings and the BIA's discretion to consider such motions is "quite broad." INS v. Doherty, 502 U.S. 314, 323, 112 S.Ct. 719, 724, 116 L.Ed.2d 823 (1992). Where, as here, the alien does not argue lack of notice, a motion to reopen for the purpose of vacating an in absentia removal order must demonstrate that the alien's failure to appear was due to exceptional circumstances. 8 U.S.C. § 1229a(b)(5)(C)(I).

> The term "exceptional circumstances" refers to exceptional circumstances (such as battery or extreme cruelty to the alien or any child or parent of the alien, serious illness of the alien, or serious illness or death of the spouse, child, or parent of the alien, but not including less compelling circumstances) beyond the control of the alien.

§ 1229a(e)(1) (emphasis added).

Upon review, we conclude the BIA did not abuse its discretion. The BIA's determination that Zhou could have anticipated the need for photo identification was reasonable. Therefore, Zhou failed to meet her burden of demonstrating

3

circumstances beyond her control that were no less compelling than serious illness, battery, or extreme cruelty. Zhou's petition for review is denied.

**PETITION DENIED.**